UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WIZKIDS, INC.,

               Plaintiff(s),

    v.

WIZARDS OF THE COAST, INC.,

               Defendant(s).

NO. C07-809MJP

ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO FILE SUMMARY
JUDGMENT

The above-entitled Court, having received and reviewed:

1.     WizKids's Motion for Leave to File Motion for Summary Judgment (Dkt. No. 18)

2.     Wizards' Opposition to WizKids' Motion (Dkt. No. 24)

3.     WizKids's Reply in Support of Motion (Dkt. No. 26)

and all exhibits and declarations attached thereto, makes the following ruling:

     IT IS ORDERED that the motion is DENIED.

**Discussion**

     Plaintiff WizKids seeks leave to file a dispositive motion in advance of the claim construction

hearing in this matter, a pleading which is not contemplated by the case schedule which has been

established by the Court (Dkt. No. 16).

     The motion which WizKids seeks to file is a summary judgment of invalidity, which it claims

will obviate the need for a lengthy and expensive claim construction process.  Plaintiff claims support

for this departure from the case schedule from a recent Supreme Court case which held

> Where, as here the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate.

**ORDER ON MOTION
FOR LV TO FILE S/J - 1**

1   <u>KSR Int'l v.Teleflex Inc.</u>, ___ U.S. ___, 127 S.Ct. 1727, 1745-46 (2007). Plaintiff wishes to file a

2   motion seeking summary judgment on grounds of obviousness based on prior art.

3          Plaintiff's argument (and its reliance on <u>KSR</u>) is valid only if the scope of the patent claims and

4   the level of ordinary skill of the art are not in dispute.  Plaintiff argues that they are not, but the

5   argument and the evidence are not persuasive.  The Court's analysis is more influenced by Defendant's

6   citations from the Federal Circuit:

7               It is elementary in patent law that, in determining whether a patent is valid and, if valid,
                infringed, the first step is to determine the meaning and scope of each claim in suit.
8               <u>Lemelson v. General Mills, Inc.</u>, 968 F.2d 1202 (Fed. Cir. 1992).

9               [A party] cannot avoid a full-blown validity analysis by raising the specter of invalidity
                during the claim construction phase.  <u>Rhine v. Casio, Inc.</u>, 183 F.3d 1342, 1346 (1999).

10         Plaintiff attacks these citations as "pre-<u>KSR</u>," but <u>KSR</u> doesn't hold that the traditional

11  approach of claim construction prior to a determination of patent invalidity is now abrogated; all it

12  says is that, in certain circumstances (e.g., where the scope of the claims is not disputed) summary

13  judgment on validity is appropriate.

14         It is apparent from the parties' pleadings that claim construction will assist in the determination

15  of obviousness.  Both the correspondence which they exchanged prior to initiation of the lawsuit and

16  the arguments regarding construction of claim terms in their briefs are evidence that the scope of the

17  claims here is still in dispute.  Furthermore, the discovery process has just begun and no depositions

18  (including those of Plaintiff's game experts who are testifying as to the "ordinary level of skill"

19  required in this matter) have been taken.

20         The Court finds no reason to depart from its customary case schedule in patent cases and this

21  matter will proceed forward to the scheduled claim construction hearing.  Plaintiff's motion will be

22  DENIED.

23

24

25

26  **ORDER ON MOTION**
    **FOR LV TO FILE S/J - 2**

1    The clerk is directed to provide copies of this order to all counsel of record.

2    Dated: December _19__, 2007

3

4                                                 _____
                                                  Marsha J. Pechman
5                                                 U.S. District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **ORDER ON MOTION**
     **FOR LV TO FILE S/J - 3**